*In re* MARRIAGE OF R. MARIE HARTIAN, Petitioner-Appellee, and ROBERT M. HARTIAN, Respondent-Appellant.

First District (1st Division)   No. 1—90—1008

Opinion filed November 25, 1991.

James H. Wolf & Associates, Ltd., of Chicago (James H. Wolf, of counsel), for appellant.

Pretzel & Stouffer, Chartered, of Chicago (Robert J. Franco and Robert Marc Chemers, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Respondent, Robert Hartian (Robert), appeals from an order of the circuit court which held him in contempt of court. Robert argues that the circuit judge abused her discretion by refusing to recuse herself after Robert had filed a complaint against her with the Judicial Inquiry Board. For the following reasons, we affirm the circuit court's order.

This is the second appeal arising from the divorce action filed by petitioner, R. Marie Hartian (Marie). In the prior appeal, this court affirmed the judgment of dissolution entered by the circuit court on March 21, 1985, but reversed various fees which had been awarded to Robert. See *In re Marriage of Hartian* (1988), 172 Ill. App. 3d 440, 526 N.E.2d 1104, *appeal denied* (1988), 123 Ill. 2d 558, 535 N.E.2d 401.

During the pendency of this earlier appeal, the case was reassigned to Judge Cervini. On April 28, 1987, Robert filed an amended motion to vacate the dissolution order, which sought various forms of relief including the payment of the attorney fees awarded to him by the circuit court.

Marie moved to strike the amendment, alleging that the settlement was *res judicata* to all counts of the amended motion. She also requested attorney fees pursuant to section 2—611 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—611).

Robert then sought judgment on the pleadings, arguing that Marie's motion failed to indicate whether relief was sought under section 2—615 (Ill. Rev. Stat. 1987, ch. 110, par. 2—615) or under section 2—619 (Ill. Rev. Stat. 1987, ch. 110, par. 2—619) of the Code. Robert also asserted that the motion failed to meet the statutory requirements of either procedure.

Meanwhile, Robert obtained a garnishment of one of Marie's bank accounts which he claimed contained sufficient funds to satisfy the monetary judgment awarded to him against Marie. Marie filed a motion to quash garnishment which was subsequently granted by the court on July 21. The court later entered an order staying all proceedings pending review in the appellate court.

On October 15, the circuit court heard argument on Marie's amended motion to strike Robert's amended petition. The court granted the motion, basing its ruling on section 2—615. The court further granted Marie's request for attorney fees in the amount of $400. Four days later, the court informed both parties that it was vacating the fee award because that issue had not been briefed and argued. During this hearing, Marie's counsel informed the court that the motion to strike was argued under section 2—619, but that the order reflected that the court granted relief under section 2—615. The court then changed the order to correct this mistake. Prior to the hearing, the court had telephoned both parties' attorneys and explained the nature of the hearing. Robert's attorney could not be present at the hearing, but he apparently agreed that Robert would attend the proceedings.

On September 29, 1989, Marie filed a petition seeking to compel Robert to pay her 37% of his Navy disability pension as set forth in the dissolution agreement. After hearings on the motion, the circuit court ruled that Robert had the ability to comply with its order, but willfully refused to do so. He was therefore ordered confined to the Department of Corrections for six months or until the $3,123 arrearage was paid. The court stayed enforcement of the judgment, allowing Robert the opportunity to purge the contempt. This appeal followed.

■ Robert presents a multipronged argument concerning the propriety of the court's order of contempt in addition to the trial judge's refusal to recuse herself under the circumstances presented in this case. Robert first maintains that Judge Cervini should have recused herself under Supreme Court Rule 63(C) (134 Ill. 2d R. 63(C)). Although Rule 63(C) governs the disqualification of judges from cases and provides an extensive list of circumstances requiring judicial dis-

qualification (see 134 Ill. 2d R. 63(C)), none of the listed reasons are implicated in the case at bar. Moreover, nothing in the record supports Robert's appellate allegations of prejudice on the part of the circuit court.

Robert next contends that the circuit court should have granted his motion for a change of venue pursuant to section 2–1001 of the Code. (Ill. Rev. Stat. 1987, ch. 110, par. 2–1001.) Robert's post-decree petition constituted a continuation of the dissolution proceeding and, as such, precluded a change of venue as of right since substantial rulings had been made at bar. (See *In re Marriage of Kozloff* (1984), 101 Ill. 2d 526, 463 N.E.2d 719.) Accordingly, Robert is entitled to a change of venue only if he can demonstrate actual prejudice. *In re Marriage of Kozloff*, 101 Ill. 2d at 532.

Robert argues that the record in this case establishes that Judge Cervini engaged in a course of prejudicial conduct against him. A trial judge is presumed to be impartial, and the burden of overcoming this presumption rests on the party making the charge of prejudice, who must present evidence of personal bias stemming from an extrajudicial source and evidence of prejudicial trial conduct. (*McCormick v. McCormick* (1988), 180 Ill. App. 3d 184, 194, 536 N.E.2d 113, *appeal denied* (1989), 127 Ill. 2d 620, 545 N.E.2d 113.) Robert maintains that his complaint against the judge, filed with the Judicial Inquiry Board, is an extrajudicial source which necessitates a finding of actual prejudice. This position has not been adopted by any court in Illinois and has been rejected by courts in two foreign jurisdictions. (See *Jones v. Alper* (1990), 21 Phila. 344; *In re S.S.K.* (1990), 154 Wis. 2d 868, 455 N.W.2d 678.) In each of these cases, the courts affirmed the trial courts' denials of petitions for recusal because the allegations of prejudice were not supported by the facts of each case. Both reviewing courts found that recusal was sought due to adverse rulings or in an attempt to intimidate the trial court. Likewise, in the case at bar, Robert's grievance appears to stem from his belief that Judge Cervini wrongly ruled against him. Allegedly erroneous findings and rulings by the circuit court are insufficient reasons to believe that the court had personal bias or prejudice for or against a litigant. (*McCormick*, 180 Ill. App. 3d at 194.) To allow a change of venue under these circumstances would create a dangerous precedent whereby those seeking venue changes need only file charges with the Judicial Inquiry Board to achieve that purpose. Robert's argument for recusal on this ground is meritless.

A party seeking a change of venue must predicate its motion on facts other than adverse rulings. (*Dayan v. McDonald's Corp.* (1985),

138 Ill. App. 3d 367, 485 N.E.2d 1188.) However, Robert points to various adverse rulings to support his allegations of prejudice. For example, he alleges that the court improperly quashed his garnishment; however, the record indicates that the garnishment was quashed so that the issue could be addressed *in toto* with other issues. The court later issued a stay on all issues, pending the appellate court's decision. The alleged *ex parte* hearing appears to have been held with the consent of Robert's attorney. Moreover, Robert never filed a motion to reconsider any decision made at the hearing nor did he move for a rehearing. The circuit court did not abuse its discretion in denying Robert's petition for recusal.

■ The circuit court here held Robert in contempt because he refused to pay 37% of his disability pension to Marie. In the first appeal, this court specifically found that Robert agreed and promised to pay that percentage of the disability to Marie. (*In re Marriage of Hartian*, 172 Ill. App. 3d at 446-47.) Issues previously determined by a court of review bind subsequent proceedings at both the trial and appellate levels. (*Stallman v. Youngquist* (1987), 152 Ill. App. 3d 683, 504 N.E.2d 920, *rev'd on other grounds* (1988), 125 Ill. 2d 267, 531 N.E.2d 355.) Robert, therefore, was obliged to comply with this order. Whether and on what grounds a party is guilty of contempt and the decision whether or not to punish a contemnor rests within the sound discretion of the circuit court, whose decision should not be reversed except if grossly abused. (*Board of Junior College District No. 508 v. Cook County College Teachers Union, Local 1600* (1970), 126 Ill. App. 2d 418, 262 N.E.2d 125.) Furthermore, a party is in contempt of court when he willfully violates an order of the court. (*In re Marriage of Cierny* (1989), 187 Ill. App. 3d 334, 346, 543 N.E.2d 201.) The record in this case clearly establishes that Robert willfully refused to comply with the court's order to pay Marie the disability payment and does not reveal an abuse of discretion.

For the foregoing reasons, the order of the circuit court is affirmed.

Affirmed.

MANNING, P.J., and CAMPBELL, J., concur.