2020 IL App (2d) 190254-U
No. 2-19-0254
Order filed March 11, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| GRETCHEN WILKINSON, JANE DOE, MELODY FEDORIW, CHARIS BARKER, RACHEL FROST, RACHEL LEES, JANE DOE III, JAMIE DEERING, RUTH COPLEY BURGER, JOY SIMMONS, JANE DOE IV, CARMEN OKHMATOVSKI, JENNIFER SPURLOCK, MEGAN LIND, JANE DOE V, DANIEL DORSETT, and JANE DOE VI, et al., | ) ) ) ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiffs | ) ) | |
| (Rachel Frost, Charis Barker, Jane Doe III, Rachel Lees, Jane Doe IV, Megan Lind, Jane Doe V, Plaintiffs-Appellees), | ) ) ) ) | |
| v. | ) ) | No. 15-L-980 |
| INSTITUTE IN BASIC LIFE PRINCIPLES, WILLIAM W. GOTHARD JR., KENNETH COPLEY and MATT HEARD, | ) ) ) ) ) | |
| Defendants | ) ) | |
| (William W. Gothard Jr., Defendant-Appellant). | ) ) ) | Honorable Kenneth L. Popejoy, Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices McLaren and Jorgensen concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court did not abuse its discretion in denying defendant sanctions under Rule 137, as defendant provided no evidence to support his assertion that plaintiffs' complaint contained fabricated allegations of repressed memories of sexual abuse.

¶ 2   Defendant, William W. Gothard Jr., appeals the trial court's order denying his motions for sanctions under Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) against Jane Doe III, Jane Doe IV, Jane Doe V, Charis Barker, Rachel Frost, Rachel Lees, and Megan Lind (plaintiffs). On appeal, defendant does not argue that the court erred in denying his motions as directed to individual plaintiffs. Instead, he argues that their attorneys should have been sanctioned. We affirm.

¶ 3                                I. BACKGROUND

¶ 4   Defendant is the founder and former president of the Institute in Basic Life Principles (IBLP), a religious organization. Plaintiffs are women who alleged in 2016 that they were sexually, physically, or psychologically abused by defendant when they were minors and that IBLP covered it up. Plaintiffs also alleged that, due to various mental, psychological, and psychiatric conditions resulting from the abuse, they repressed their memories of the abuse and did not discover it until after 2014, which explains their delay in reporting. The original complaints were filed by attorney David Gibbs, who was disqualified. Attorney Johnathan Mincieli from Meyers and Flowers LLC (plaintiffs' attorneys) subsequently appeared on behalf of plaintiffs during the proceedings at issue.

¶ 5   After the dismissal of some of the plaintiffs, on August 17, 2016, an amended complaint was filed against IBLP alleging multiple claims, including claims for battery and negligent and intentional infliction of emotional distress. The complaint further alleged that plaintiffs did not appreciate that defendant's acts were abusive and that they were suffering from conditions that caused them to repress the memories of abuse or they did not know that their injuries were caused by the abuse. The complaint was signed by attorney Peter Flowers.

¶ 6    On November 17, 2017, defendant filed a motion to compel, seeking documents from private social media or internet forums, including one with the name "R2D2." Plaintiffs denied that any additional documents existed.

¶ 7    On January 10, 2018, the trial court ordered plaintiffs to provide affidavits that they had produced all social media documents and that none had been destroyed. Six days before the affidavits were due, the court allowed plaintiffs to voluntarily dismiss without prejudice.

¶ 8    On March 18, 2018, defendant filed motions for sanctions against each individual plaintiff. Defendant alleged that plaintiffs submitted false pleadings because they falsely alleged that they suffered from repressed memories. Although the motions were directed against only each plaintiff, they also alleged that plaintiffs' attorneys failed to adequately investigate the allegations and sought sanctions against the attorneys in the prayer for relief.

¶ 9    On January 10, 2019, a hearing was held on the motions for sanctions. Jane Doe III testified that, since 2014, she had experienced a slow, gradual process of recalling memories. She began counseling in 2015, and three professionals clinically diagnosed her with posttraumatic stress disorder (PTSD) that suppressed her memory. Jane Doe III's interrogatory answers stated that she was suffering from psychological and emotional trauma, had PTSD-like symptoms. She provided the names of her treating physicians and counselors. She denied being diagnosed after the filing of the suit and explained that, before the suit was filed, a counselor had helped her understand that she had memory gaps and did not appreciate the abuse when it happened. An objection based on attorney-client privilege was sustained when Jane Doe III was asked if she discussed with her attorney whether the lawsuit was filed before she was diagnosed with memory suppression.

¶ 10    Jane Doe IV testified that she had repressed memories and a psychiatrist and other medical professionals diagnosed her with complex PTSD. Other medical professionals also believed that

she had PTSD. A rape caused her to block traumatic memories from ages 11 to 22. She provided documents about her mental health condition to her attorneys but could not recall when she did so.

¶ 11    Jane Doe V testified that she provided the names of counselors in answers to interrogatories and that she suffered from repression of memories, including traumatic memories. She specifically stated that she repressed memories of abuse by defendant. She was not formally diagnosed at the time the suit was filed but indicated that she had repressed memories at that time.

¶ 12    Charis Barker testified that she discussed the case with other plaintiffs in a private group message on Facebook. She admitted that she told the group that she told her original attorneys that she did not have suppressed memories. She also said that, "to her knowledge," she did not currently have repressed memories. She indicated that she raised the issue with her original attorneys because she did not understand the legal language used in the court filings. After talking to the attorneys, she received a response that left her satisfied. Barker said that she did not have repressed memories but was satisfied that the language in the pleadings was truthful. When pressed to answer whether the allegation that she had repressed memories was false, she said that she could not answer "yes" or "no" without an explanation. She was not provided with an opportunity to provide an explanation.

¶ 13    Rachel Frost testified that she suffered from suppressed or repressed memories that began to be unlocked in February 2014. She had a pastoral counselor but did not see a doctor until the lawsuit was filed. She had previously made a statement that she had a very good long-term memory.

¶ 14    Megan Lind testified that she did not have problems with her memory, but there was a difference between memory and repressed memory. She testified that she did not remember certain details of the abuse until she saw an online post from Frost that triggered a lot of memories. She

did not have a medical diagnosis. Lind communicated for a short time with an online support group called R2D2. She thought it was before the lawsuit but could not recall for sure.

¶ 15    Lees answered interrogatories, stating that she was trained at IBLP that defendant could do nothing wrong, inappropriate, or illegal. She did not recall a specific date as to when defendant's behavior caused her injuries because therapy made her aware of it.

¶ 16    Mincieli testified multiple times that he investigated and verified the claims of the plaintiffs and learned of their various diagnoses through conversations with them. The complaint had also been investigated before his involvement with the case. Mincieli did not send any of the plaintiffs to third-party medical professionals. He did not believe it was necessary because the plaintiffs were already being treated by professionals. Mincieli denied that, during the prosecution of the case, he learned that any plaintiff, in particular Lees, had indicated that she did not have repressed memories. He never had any information from any of the plaintiffs that indicated that they did not have repressed memories. He also denied voluntarily dismissing the case because he had been ordered to turn over chat room documents. He said that the reason for the dismissal was subject to attorney-client privilege. He further testified that he had turned over everything.

¶ 17    Mincieli did not know about his duty under the rules of professional responsibility to examine pleadings filed by his predecessor, but he knew about the plaintiffs' mental health conditions because they told him about them, and he requested documentation to support their claims. He had no reason to believe that plaintiffs were not truthful, and he was confident that everything filed was accurate. Mincieli denied that Lees had objected to alleging suppressed memories in the complaint.

¶ 18    When asked about repressed memories as a basis for tolling the statute of limitations, Mincieli stated that the lawsuit involved both repressed memories and plaintiffs' failure to

appreciate or understand that they had suffered damages. He later explained that he learned that plaintiffs' upbringing and the teachings and culture of IBLP prevented plaintiffs from understanding sexual assault, sexual abuse, or grooming, and that touching could be wrong. That was why the exception to the statute of limitations was pled the way that it was.

¶ 19    The trial court denied the motion for sanctions. The court noted that the signer of the complaint was Peter Flowers and that defendant did not seek sanctions against Flowers or any attorneys involved with the plaintiff's law firms. Instead, the motions were brought solely against the individual plaintiffs. The court then noted that most of the hearing focused on repressed memories and that there was little, if any, evidence about the validity of the actual causes of action for emotional distress, sexual abuse, and sexual harassment. The court found that repressed memories were a symptom, not a cause of action, and that it was possible for a person to remember some details and not others or that a person might say that she had a good memory but not remember certain details. The court discussed each plaintiff's testimony in detail and found it objectively reasonable for each to allege that she repressed memories or was not aware of what was happening to her at the time of the abuse. The court specifically stated that it had the opportunity to observe the demeanor of each plaintiff and found them all credible. The court noted that, even if some details were not completely clear, it was objectively reasonable for plaintiffs to file the complaint.

¶ 20    Defendant moved to reconsider, arguing that plaintiffs' attorneys had a duty to conduct a reasonable inquiry into the allegations and had failed to do so. The trial court denied the motion, stating that it had conducted a full hearing and found plaintiffs exceedingly credible and that the ruling denying the motion for sanctions was based on the totality of the evidence. Defendant appeals.

¶ 21                                    II. ANALYSIS

¶ 22    Defendant contends that the trial court erred in denying his motions for Rule 137 sanctions. Specifically, he argues that the trial court erred in not sanctioning plaintiff's attorneys. He does not argue that the court erred in denying his motions in respect to the individual plaintiffs.

¶ 23    Before addressing the merits, we address plaintiff's request that defendant's brief be stricken for various infractions of Illinois Supreme Court Rule 341(h) (eff. May 25, 2018). Defendant's brief is indeed deficient in several respects. In particular, defendant provides an abbreviated and incomplete statement of facts and an argument section that presents an inaccurate picture of the record as a whole. He also states an incorrect standard of review without citation to authority. We decline to strike defendant entire brief, but we disregard those parts that violate Rule 341.

¶ 24    Rule 137 provides:

"Every pleading, motion and other document of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. *** The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *** If a pleading, motion, or other document is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or

parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other document, including a reasonable attorney fee." Ill. S. Ct. R. 137 (eff. Jan. 1, 2018).

¶ 25    Under Rule 137, sanctions may be granted when: (1) a pleading, motion, or other paper is not well grounded in fact or is not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; or (2) it is made for purposes such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *People v. Stefanski*, 377 Ill. App. 3d 548, 551 (2007).

¶ 26    "When a party asks that Rule 137 sanctions be imposed, that party bears the burden of proof." *Technology Innovation Center, Inc. v. Advanced Multiuser Technologies Corp.*, 315 Ill. App. 3d 238, 243 (2000). The standard for evaluating a party's conduct under Rule 137 is one of reasonableness under the circumstances existing at the time of the filing. *Toland v. Davis*, 295 Ill. App. 3d 652, 656 (1998); *Edward Yavitz Eye Center, Ltd. v. Allen*, 241 Ill. App. 3d 562, 569 (1993). If a reasonable inquiry into the facts to support the filing has not been made to ensure that the facts stated are well grounded, the party, the party's attorney, or both are subject to an appropriate sanction that may include an order to pay the other party's attorney fees and costs. *Chicago Title & Trust Co. v. Anderson*, 177 Ill. App. 3d 615, 621 (1988).

¶ 27    "Because of Rule 137's penal nature, courts must construe it strictly, must make sure the proposing party has proven each element of the alleged violation with specificity, and should reserve sanctions for the most egregious cases." *Webber v. Wight & Co.*, 368 Ill. App. 3d 1007, 1032 (2006). A court should not impose sanctions on a party for failing to conduct an investigation of facts and law when the party presents objectively reasonable arguments for his or her position, regardless of whether those arguments are unpersuasive or incorrect. *Id.* at 1034. Whether to grant

Rule 137 sanctions is within the trial court's discretion, and we will not reverse its decision absent an abuse of discretion. *Morris B. Chapman & Associates, Ltd. v. Kitzman*, 193 Ill. 2d 560, 579 (2000).

¶ 28    Here, defendant claims that plaintiffs' attorneys did not make a reasonable inquiry into whether plaintiffs feigned repression of their memories of the abuse to avoid the statute of limitations. We note that defendant sought sanctions against the individual plaintiffs, but not against any individual attorney. The hearing focused on the individual plaintiffs and Mincieli, with defendant arguing that plaintiffs falsified their allegations of repressed memories. But Flowers signed the complaint and was not called as a witness. One could argue that defendant forfeited his claim for sanctions by not identifying in the trial court which attorney violated Rule 137. See *Village of Lake Villa v. Stokovich*, 211 Ill. 2d 106, 121 (2004) (Issues not raised in the trial court generally are forfeited and may not be raised for the first time on appeal).

¶ 29    In any event, the trial courts' denial of sanctions against plaintiffs' attorneys was not an abuse of discretion. Defendant's brief takes testimony out of context to give the false impression that plaintiffs fabricated their allegations of repressed memories and that their attorneys failed to discover or disclose the fabrications. But nearly every plaintiff clearly stated that she did repress memories or did not understand or appreciate that abuse had occurred until the statute of limitations had run. Barker stated that she did not have repressed memories, but she also stated that the attorneys left her satisfied that the language in the pleadings was truthful. When pressed to answer whether the allegation that she had repressed memories was false, she said that her answer required an explanation. She then was not allowed to provide that explanation. She also was not asked whether she did not appreciate or understand the abuse at the time that it happened, which could have been an alternate basis for tolling the statute of limitations. Defendant did little to nothing to

challenge that. When the record is read as a whole, defendant did not meet his burden to show that the complaint was not reasonably grounded in fact or warranted by existing law. Thus, the trial court did not abuse its discretion in denying the motions for sanctions.

¶ 30    Citing *In re Marriage of Decker*, 153 Ill. 2d 298 (1992), defendant also contends that the trial court wrongly sustained objections based on attorney-client privilege, arguing that Mincieli had a conflict of interest and that the principle does not apply when a client obtains services in furtherance of criminal or fraudulent activity. But there was no evidence that plaintiffs were engaged in criminal or fraudulent activity, nor does *Decker* address Rule 137 sanctions. Further, defendant never moved to disqualify Mincieli for the alleged conflict, which results in forfeiture of the claim of error.

¶ 31    Finally, defendant argues, without citation to authority, that plaintiffs' attorneys failed to obtain additional evaluations by medical professionals to determine whether plaintiffs' conditions could lead to repressed memories. But the rule does not require that. It simply requires a reasonable inquiry into the facts.

¶ 32    The degree of investigation required depends on the time available to investigate and on the probability that more investigation will turn up important evidence. It does not require steps that are not feasible. The signer's investigation need not be carried to the point of certainty. See *Chicago Title & Tr. Co. v. Anderson*, 177 Ill. App. 3d 615, 625 (1988). The duty of inquiry should be regarded as nondelegable but capable of being satisfied by the attorney's acquisition of the product of inquiry conducted by others. *Id.* at 624. Thus, if the client gives the attorney facts that the attorney can reasonably believe, the rule does not require further inquiry. But if all the attorney has is his client's assurance that facts exist, he has not satisfied his obligation. *Id.*

¶ 33    Here, most of the plaintiffs had been diagnosed by multiple professionals before the complaint was filed, and all were able to testify and describe their own experiences. Mincieli testified about his own discussions with plaintiffs about their conditions, while he prepared interrogatories that listed counselors and medical professionals who treated various plaintiffs. The trial court did not abuse its discretion in finding reliance on those facts reasonable. This is not a case where plaintiffs simply presented allegations without providing any specific factual background to support them.

¶ 34                                    III. CONCLUSION

¶ 35    The trial court did not abuse its discretion in denying the motions for sanctions. Accordingly, the judgment of the circuit court of Du Page County is affirmed.

¶ 36    Affirmed.