**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190367-U

Order filed June 4, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| LEONARD URBAN, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellee, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH L. BLEWITT, | ) | Appeal No. 3-19-0367 |
| | ) | Circuit No. 5-L-337 |
| Defendant-Appellant | ) | |
| | ) | |
| (Ellen P. Blewitt, | ) | Honorable |
| | ) | Bobbi N. Petrungaro, |
| Third-Party Respondent-Appellant). | ) | Judge, Presiding. |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Justices Holdridge and McDade concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*:   The denial of a judgment debtor's motion seeking sanctions against the judgment creditor's attorney was upheld because the reviewing court found no abuse of discretion when the trial court held a hearing on the motions and reviewed all the filings in the case and determined that sanctions were not warranted.

¶ 2      In postjudgment proceedings to enroll and enforce a judgment, the defendant judgment debtor and his wife appealed the dismissal and denial of their motions for sanctions, the denial of

the defendant's motion to spread the record of certain facts, and the trial court's order that the attorney for the plaintiff judgment creditor did not need to enter an appearance as a party.[1]

¶ 3                                    FACTS

¶ 4        The plaintiff, Leonard Urban, obtained a default judgment in Cook County against the defendant, Joseph Blewitt, in a legal malpractice action. Blewitt had represented Urban and his wife, Cecilia Urban, in a personal injury action in Cook County that was filed in 1996 and ultimately dismissed for want of prosecution. The Urbans filed the malpractice action against Blewitt on March 10, 2003, and the default judgment was entered in favor of Leonard Urban against Blewitt on August 6, 2003, in the amount of $238,007.61. The instant action, a petition to enroll and enforce the judgment, was filed in 2005. The factual and legal proceedings between the parties are more fully described in *Blewitt v. Urban*, 2020 IL App (3d) 180722.

¶ 5        In the instant action, Urban filed a citation to discover assets on September 6, 2005, and obtained a wage deduction order against Blewitt. Blewitt filed a third-party complaint against third-party defendants, the attorneys who filed the malpractice action against Blewitt, seeking indemnity or contribution from the third-party defendants for the Cook County judgment. The trial court dismissed the third-party complaint, and we upheld the dismissal on appeal. *Urban v. Blewitt*, No. 3-07-0674 (2009) (unpublished order under Illinois Supreme Court Rule 23).  Meanwhile, in Cook County, Urban's claim against Blewitt was revived on September 2, 2010, and again on January 11, 2017, but those orders were declared void and vacated, respectively, on June 14, 2017.

¶ 6        On December 4, 2017, Urban filed another citation to discover assets in the instant action. It was stricken, but the trial court granted leave to issue an alias citation. That citation was filed on

[1]At some point in the trial court proceedings, the plaintiff's wife, Cecilia Urban, begins to appear as a plaintiff on court filings. She is also identified as an appellee. However, she was not a plaintiff in this action.

January 8, 2018. On March 15, 2018, Urban's attorney, Alan Bruggeman, filed an affidavit in support of the citation with leave of court. Blewitt filed a motion to strike the affidavit and dismiss the citation to discover assets. Urban then filed a citation to discover assets of a third party, Ellen Blewitt, the wife of Joseph Blewitt.

¶ 7        On May 3, 2018, Blewitt filed a motion for sanctions pursuant to Illinois Supreme Court Rule 137 (eff. July 1, 2013) against Bruggeman. Blewitt sought sanctions for the January 8, 2018, citation to discover assets, arguing that it was filed by Bruggeman even though the citation was barred by the applicable statute of limitations since the underlying judgment was never revived. Blewitt also sought sanctions for the filing of Bruggeman's affidavit in support of the citation. Blewitt also filed a motion to dismiss the third-party citation to discover assets. Both motions were refiled on June 5, 2018, after Blewitt entered an appearance on behalf of his wife, Ellen Blewitt. Blewitt also filed a motion for sanctions on behalf of Ellen. On July 25, 2018, Urban filed a motion to dismiss Ellen's motion for sanctions and a motion to strike and dismiss Blewitt's motion for sanctions. In the motion to strike and dismiss Blewitt's motion, Bruggeman argued that Blewitt was proceeding *pro se* and was not entitled to attorney fees. In addition, Blewitt did not file an affidavit of expenses.

¶ 8        Blewitt filed a "Motion to Spread of Record Certain Facts" on October 16, 2018, and Urban filed a motion to strike and dismiss the motion. On February 13, 2019, after considering the parties' briefs and arguments, the trial court entered an order ruling on the various pending motions in the case. With respect to Blewitt's motion to dismiss the citation to discover assets and the motion to dismiss the third-party citation to discover assets, the trial court found that it was unclear if the judgment was dormant, so the motions were granted. The court denied the "Motion to Spread of Record Certain Facts," finding that there was no mechanism for such a motion. The court denied

3

both motions for sanctions, finding that sanctions were not warranted under the facts of the case. The other motions disposed of in the order are not relevant to this appeal. Blewitt filed a motion to reconsider, which was denied, and he appealed.

¶ 9                                                    ANALYSIS

¶ 10        Blewitt argues that the trial court improperly dismissed or denied the motions for Rule 137 sanctions. Blewitt contends that a *pro se* attorney can maintain a motion to Rule 137 sanctions. Blewitt argues that the record clearly shows that the citations to discover assets filed in 2018 were barred by the statute of limitations and were sanctionable. Urban argues that the trial court did not abuse its discretion in denying sanctions.

¶ 11        Illinois Supreme Court Rule 137(a) requires that:

> "[e]very pleading, motion and other document of a party represented by an attorney shall be signed by at least one attorney of record ***. *** The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Ill. S. Ct. R. 137(a) (eff. July 1, 2013).

¶ 12        A party seeking sanctions bears the burden of showing that the opposing party engaged in objectively sanctionable conduct. *Technology Innovation Center, Inc. v. Advanced Multiuser Technologies Corp.*, 315 Ill. App. 3d 238, 243-44 (2000). A trial court may impose sanctions for violations of the rule upon the individual who signed the filing, the represented party, or both, but

4

it is not required to do so. *Lake Environmental, Inc. v. Arnold*, 2015 IL 118110, ¶ 15. If it does choose to impose sanctions, it must provide an explanation; however, there is no requirement to provide an explanation when it denies sanctions. *Id.* ¶¶ 14-15. The sanctions can include attorney fees to compensate an attorney defending himself against a frivolous cause of action. *McCarthy v. Taylor*, 2019 IL 123622, ¶ 32. A trial court's decision to deny a motion for sanctions is reviewed for abuse of discretion. *Id.* ¶ 16.

¶ 13        As Blewitt notes, the trial court's order both granted the motions to dismiss the motions for sanctions and denied the motions for sanctions. A Rule 137 petition may be considered a claim within in a case, but it is part of the underlying case and not a separate action. *Technology Innovation Center, Inc.*, 315 Ill. App. 3d at 243. For this reason, we agree with the trial court's assessment that Bruggeman did not need to file an appearance as a party and affirm the denial of that motion. The issue before the trial court was whether sanctions were warranted under the facts of the case. *Id.* In reaching its conclusion that sanctions were not appropriate in the case, the trial court held hearings and heard the arguments of counsel. It also reviewed the history of the litigation, the pleadings, and the applicable statutory and caselaw. Reviewing the record, we find no abuse of discretion in the trial court's conclusion that sanctions were not warranted. Thus, we affirm the denials of the two motions for sanctions.

¶ 14        Blewitt also contends that the trial court's dismissal and denial of his "Motion to Spread of Record Certain Facts" was in error. The motion was filed after the September 12, 2018, hearing on the motions to dismiss the Rule 137 motions for sanctions. In the motion, Blewitt took issue with a number of statements made at the hearing. Blewitt attached a transcript of the hearing to the motion and referenced the transcript in the motion.

¶ 15    We find that the "Motion to Spread of Record Certain Facts" was essentially a vehicle for further argument by Blewitt. The September 12, 2018, hearing that Blewitt took issue with was before the same trial judge as the following hearing on the motion to spread, as well as the other pending motions. At the December 13, 2018, hearing, the trial court stated that it had doubts that the motion to spread was an appropriate pleading, but it offered Blewitt the opportunity to correct any statements that he believed were not accurate and to make a full record. We agree that the motion to spread was not an appropriate pleading, so we affirm the dismissal of this motion. However, we would also note that Blewitt was afforded an ample opportunity to make his arguments before the court.

¶ 16                                   CONCLUSION

¶ 17    The judgment of the circuit court of Will County is affirmed.

¶ 18    Affirmed.