THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALFRED BUBOLZ, Defendant-Appellant.

Second District    No. 2—96—0485

Opinion filed May 8, 1997.

Richard Melton, of West Chicago, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (John X. Breslin and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DOYLE delivered the opinion of the court:

Defendant, Alfred Bubolz, was convicted of operating a tow truck without a valid safety sticker (625 ILCS 5/13—111 (West 1994)). Defendant stipulated to the facts and was found guilty of the offense and fined $75. The issue for review is whether the trial court erred in denying his motion for a directed finding by ruling that tow trucks are not exempt from the provisions of section 13—101 of the Illinois Vehicle Code (Code) (625 ILCS 5/13—101 (West 1994)). We affirm.

Defendant contends that under section 13—101 of the Code tow trucks are exempt from the testing and certificate requirements. As our resolution of this issue depends on the interpretation of a statute, we turn to the rules of statutory interpretation. The primary rule, to which all others are subordinate, is that the court should ascertain and give effect to the legislative intent. *People v. Britz*, 174 Ill. 2d 163, 196 (1996). To determine that intent, the court looks first to the language of the statute, which is given its plain and ordinary meaning. *People v. Haynes*, 174 Ill. 2d 204, 222 (1996). The court must also consider every part of the statute together (*People v. Warren*, 173 Ill.

2d 348, 357 (1996)) and give every word or phrase some reasonable meaning (*Opyt's Amoco, Inc. v. Village of South Holland*, 149 Ill. 2d 265, 277 (1992)). Moreover, we must assume that the legislature did not intend an absurd result. *People v. Coleman*, 166 Ill. 2d 247, 253 (1995).

The statute provides in relevant part:

> "To promote the safety of the general public, every owner of a second division vehicle, medical transport vehicle, or tow truck shall, before operating it upon the highways of Illinois, submit it to a 'safety test' and secure a certificate of safety furnished by the Department as set forth in Section 13—109. ***
>
> However, *none of the provisions of Chapter 13 requiring safety tests or a certificate of safety shall apply to*:
> * * *
> (n) Second division vehicles registered for a gross weight of 8,000 pounds or less, except when such second division motor vehicles pull or draw a trailer, semi-trailer or pole trailer having a gross weight of or registered for a gross weight of more than 8,000 pounds; motor buses; religious organization buses; school buses; senior citizen transportation vehicles; medical transport vehicles and *tow trucks*." (Emphasis added.) 625 ILCS 5/13—101 (West 1994).

Defendant asserts that because each of the items in subsection (n) is separated by a semicolon which follows a colon, each item relates back to the original colon. Defendant therefore reasons that none of the provisions of chapter 13 apply to tow trucks.

The State responds that this reading of the statute is incorrect because it yields an absurd result. As the State points out, a recent amendment to the statute provides:

> "For tow trucks, the safety test and inspection shall also include the inspection of winch mountings, body panels, body mounts, wheel lift swivel points, and sling straps, and other tests and inspections the Department by rule requires for tow trucks." 625 ILCS Ann. 5/13—101 (Smith-Hurd Supp. 1996).

Clearly, this paragraph makes no sense if tow trucks are exempt from safety inspections. Similarly, the language of the first paragraph of this section, "[t]o promote the safety of the general public, every owner of a *** tow truck shall *** submit it to a 'safety test' " (625 ILCS 5/13—101 (West 1994)), would become a nullity if we adopted defendant's interpretation.

Instead, we believe that the legislature's obvious intent, as expressed in subsection (n), was to exempt second division vehicles registered for a gross weight of 8,000 pounds or less *except tow trucks* and the other second division vehicles specifically listed in subsection (n) as exceptions to that exemption.

This interpretation comports with the purpose of the act and is in harmony with other provisions, such as section 13—101.1 of the Code, which pertains to senior citizen transportation vehicles. See 625 ILCS 5/13—101.1 (West 1994). Although subsection (n) is poorly worded, it is not ambiguous. Defendant's interpretation of the statute would yield an absurd result. See *People v. Ross*, 168 Ill. 2d 347, 352 (1995). Accordingly, we conclude that all tow trucks, regardless of gross weight, are subject to the provisions of chapter 13 requiring safety tests and certificates of safety. Thus, the trial court did not err in denying defendant's motion for a directed finding.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

COLWELL and THOMAS, JJ., concur.