THOMAS HAKE ENTERPRISES, INC., *et al.,* Plaintiffs-Appellants, v. ALLEN BETKE *et al.,* Defendants-Appellees.

Second District   No. 2—98—0021

Opinion filed November 13, 1998.—Rehearing denied December 18, 1998.

Ronald O. Roeser, of Roeser & Vucha, of Elgin, for appellants.

Richard D. Larson, of DeKalb, for appellees.

JUSTICE RAPP delivered the opinion of the court:

Plaintiffs, Thomas Hake Enterprises, Inc.; Richard Dahlquist, individually and doing business as Western Mechanical; and Ihor Hnytka, individually and doing business as C&H Construction, sought to impose mechanics' liens upon defendants, Allen Betke, Jason C. Birck, Charlotte Birck, Jack E. Bruns, Patsy A. Coffman, and unknown own-

ers and nonrecord claimants. The circuit court of Kane County granted defendants' motion for a directed finding, dismissing plaintiffs' mechanics' liens claims. The circuit court also awarded sanctions against plaintiffs pursuant to Supreme Court Rule 137 (155 Ill. 2d R. 137) and section 17(c) of the Mechanics Lien Act (770 ILCS 60/17(c) (West 1996)). On appeal, plaintiffs raise the following issues: (1) whether the trial court erred by entering a directed finding in favor of the defendants; (2) whether sanctions in the form of attorney fees and costs were proper under the circumstances; and (3) whether the trial court erred by admitting certain documents as evidence of the reasonableness and amount of attorney fees. We affirm in part and reverse in part.

## FACTS

Late in 1993, Allen S. Betke (Betke) negotiated an interest in a piece of undeveloped property (Lot 43) located in Carpentersville, Illinois, from Ihor Hnytka (Hnytka). Betke and Hnytka began to construct a residence thereon. Subsequently, because of financial difficulties, Betke was unable to proceed with the construction of the house. Charlotte Birck (Charlotte) and her son, Jason Birck (Jason), provided funds to purchase Lot 43 and Betke's interest in the home from Hnytka for $68,000. Charlotte negotiated the purchase price, but, at Charlotte's request, the title to the lot was placed in Jason's name.

Construction continued on the home after Lot 43 was sold and the title placed in Jason's name. Betke continued to contract with subcontractors to complete the house. Because Betke was unable to pay for the contractors' services, Charlotte assisted by providing the financing. She wrote checks directly to subcontractors and channeled funds through Betke to subcontractors.

Each party's role is unclear at this point. Title to the property was in Jason's name, yet he took no action to ensure that construction on the home was completed. In fact, he denied any knowledge of such construction. Charlotte financed the construction and indicated to one of the plaintiffs that she was the owner of Lot 43. Betke testified that he was building the house for his own purchase, and he believed that at some point he would purchase his interest back. He admitted, however, that there was no written agreement to that effect between him and Charlotte or Jason.

After the house was completed, Charlotte approached Betke to sell Lot 43 and the home. Betke was again unable to acquire the necessary funds or arrange for financing. As a result, Charlotte negotiated the resale of Lot 43 to the ultimate purchasers, Jack E. Bruns (Bruns) and Patsy A. Coffman (Coffman), for over $175,000.

Plaintiffs are all subcontractors who verbally contracted with Betke and performed services on Lot 43. They brought this action against Betke, Charlotte, Jason, Bruns, and Coffman. On September 9, 1997, the court entered a directed finding dismissing the complaint against all defendants except Betke, whom the court found individually liable. The court found that the mechanics' liens were void because no agency relationship existed between the owner of the property, Jason, and Betke, with whom the plaintiffs contracted. In light of the absence of an agency relationship, the judge also found, on October 24, 1997, that sanctions were appropriate because the complaint was not well grounded. Consequently, on December 9, 1997, Charlotte was awarded a total of over $16,000 in attorney fees and costs under section 17(c) of the Mechanics Lien Act and Supreme Court Rule 137 (155 Ill. 2d R. 137).

## DISCUSSION

■ Before we reach the merits of plaintiffs' arguments, we must first address a threshold issue raised by defendants. Specifically, defendants challenge the timeliness of plaintiffs' appeal. As a general rule, Supreme Court Rule 303(a)(1) allows appeals within 30 days from final judgments or from an order disposing of a timely filed posttrial motion. 134 Ill. 2d R. 303(a)(1); *Cinch Manufacturing Co. v. Rosewell*, 255 Ill. App. 3d 37, 40 (1993). A final judgment is a determination by the court on the issues presented that fixes absolutely and finally the rights of the parties in the lawsuit. *Cinch Manufacturing*, 255 Ill. App. 3d at 40. As long as any party's timely posttrial motion remains undisposed, however, the underlying judgment is not final, and complete jurisdiction remains in the circuit court. *In re Marriage of Uphoff*, 99 Ill. 2d 90, 95 (1983).

■ In the present case, the trial court dismissed the counts against defendants on September 9, 1997. On October 9, 1997, 30 days later, defendants filed a posttrial motion for sanctions, and plaintiffs filed a motion for rehearing. Both motions were timely filed. On October 24, 1997, the court denied plaintiffs' motion for rehearing but granted defendants' motion for sanctions, while reserving judgment as to the amount and reasonableness of attorney fees. On December 9, 1997, the court found defendants' attorney fees were reasonable and entered judgment in their favor. Within 30 days of that date, on January 6, 1998, plaintiffs filed their notice of appeal.

Defendants now assert that plaintiffs' appeal is not timely because the October 24 order dispensing with plaintiffs' motion for rehearing was a final order. Following defendants' reasoning, because plaintiffs filed their notice of appeal more than 30 days after October 24, this appeal is not timely. We disagree.

While the October 24 judgment denied the motion for rehearing, it did not finalize the sanctions award; rather, it reserved for a later date the determination of the amount and reasonableness of the sanctions award. By continuing the defendants' motion, the court, therefore, did not dispose of the last timely posttrial motion. According to the rule, the time to appeal begins to run only after the court has disposed of the last timely posttrial motion. *Uphoff*, 99 Ill. 2d at 96. Consequently, without the trial court making a final determination as to sanctions, we cannot consider the trial court's October 24 order as the final judgment.

On the other hand, a final judgment dispenses with all posttrial motions. Here, the final judgment, where the court dispensed with defendants' pending posttrial motion for sanctions, was the December 9 judgment. Thus, because plaintiffs filed their notice of appeal within 30 days of the final judgment, this appeal is timely. We now proceed to address the merits of plaintiffs' arguments.

## A. Directed Finding

■ Plaintiffs next challenge the trial court's decision to enter a directed finding in favor of defendants. In all cases without a jury, a defendant may move for a directed finding in its favor under section 2—1110 of the Code of Civil Procedure. 735 ILCS 5/2—1110 (West 1996); *Davis v. John Crane, Inc.*, 261 Ill. App. 3d 419, 427 (1994). The court may grant a motion for a directed finding if it finds that the plaintiff failed to establish a *prima facie* case. *Conoway v. Hanover Park Park District*, 277 Ill. App. 3d 896, 899 (1996).

■ When determining whether to grant a motion for a directed finding, the court does not view the evidence in the light most favorable to plaintiffs. *Conoway*, 277 Ill. App. 3d at 899. The court instead must consider all the evidence, including evidence favorable to the defendant, pass on the credibility of the witnesses, draw reasonable inferences from the testimony, and consider the general weight and quality of the evidence. *Conoway*, 277 Ill. App. 3d at 899. The trial court's determination will not be reversed on appeal unless the decision is contrary to the manifest weight of the evidence. *Pacini v. Regopoulos*, 281 Ill. App. 3d 274, 278 (1996). The test is not whether the evidence could have supported a finding for the movant if contrary inferences were drawn but whether a contrary finding is clearly evident. *Tedrowe v. Burlington Northern, Inc.*, 158 Ill. App. 3d 438, 444 (1987).

■ In the present case, the trial court dismissed the mechanics' liens against Charlotte and Jason by granting their motion for a directed finding. The court determined that these defendants were not

bound by the plaintiffs' contracts with Betke because Betke was not their agent and, consequently, did not have the authority to enter into the agreements on behalf of Charlotte or Jason.

Unfortunately, no transcript was provided of the trial or the hearing in which the court outlined its reasons for refusing to find an agency relationship. Without a record, the reviewing court cannot guess at what evidence was determinative to the trial court's decision. Upon review of the record before us, however, we note that there was no contract between Charlotte and Betke for Betke to hire contractors. More significantly, as Betke testified, when contracting with the plaintiffs, he was acting as his own contractor. Those few facts recited above were gleaned from exhibits and/or portions of deposition transcripts contained in the record presented to us.

While the record before us suggests some type of relationship between Betke and Charlotte, we cannot say that the evidence presented to us clearly evinces a contrary verdict, necessitating a remand. Furthermore, where the record on appeal lacks the evidence on which the trial court's decision was based, it is presumed that the evidence omitted would support the decision of the lower court. *Brandel Realty Co. v. Olson*, 159 Ill. App. 3d 230, 233 (1987). Without a transcript we must defer to the trial judge's determination because the court had the benefit of first-hand impressions of the witnesses' credibility and other factors not apparent on appeal. We find, therefore, that the entry of a directed finding was not against the manifest weight of the evidence.

## B. Sanctions

■ Plaintiffs also challenge the sanctions award under Supreme Court Rule 137 (155 Ill. 2d R. 137) and section 17(c) of the Mechanics Lien Act. In reviewing a decision on a motion for sanctions, we must primarily determine whether the trial court's decision was informed, based on valid reasons, and whether the decision followed logically from the application of the reasons stated. *Olsen v. Staniak*, 260 Ill. App. 3d 856, 863 (1994). The trial court's determination regarding a motion for sanctions is a matter within the court's discretion and will not be disturbed absent an abuse of that discretion. *Wittekind v. Rusk*, 253 Ill. App. 3d 577, 581 (1993). This deferential standard, however, does not prevent us from independently reviewing the record and finding an abuse of discretion where the facts warrant. *Polsky v. BDO Seidman*, 293 Ill. App. 3d 414, 427 (1997).

## 1. Supreme Court Rule 137

■ When reviewing a sanctions award under Rule 137, the analysis focuses on whether the plaintiff's complaint was well grounded in

fact or law. Rule 137 imposes an affirmative duty on both litigants and attorneys to investigate the facts and law before filing an action, pleading, or other paper. *Kellett v. Roberts*, 281 Ill. App. 3d 461, 464 (1996). This rule requires an attorney to certify that "he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law." 155 Ill. 2d R. 137. If a party or attorney signs a pleading or other paper in violation of the rule, a court may impose sanctions upon the person who signed it, a represented party, or both. 155 Ill. 2d R. 137.

The purpose of Rule 137 is to prevent the abuse of the judicial process by penalizing claimants who bring vexatious and harassing actions based upon unsupported allegations of fact or law. *Fremarek v. John Hancock Mutual Life Insurance Co.*, 272 Ill. App. 3d 1067, 1074 (1995). Litigants and attorneys who present objectively reasonable arguments, although incorrect or ultimately unpersuasive, should not be sanctioned under Rule 137. *Polsky*, 293 Ill. App. 3d at 428. Instead, the rule seeks to penalize litigants and attorneys who plead frivolous or false matters or bring suit without any basis in law. *Spiegel v. Hollywood Towers Condominium Ass'n*, 283 Ill. App. 3d 992, 1002 (1996).

In the instant case, the trial court found the complaint was not well grounded and awarded sanctions because it determined that plaintiffs' mechanics' liens were based on contracts with Betke, which were subsequently rendered invalid without an agency relationship between Betke and Charlotte. The court noted that a reasonable investigation would have enlightened the plaintiffs to the fact that Betke was not Charlotte's agent.

To the contrary, we find that plaintiffs' complaint was sufficiently well grounded so as not to be frivolous or false. Plaintiffs believed that Betke was an agent of Charlotte, who was either an owner or acting on behalf of the owner, her son, Jason. The mechanics' liens notices filed by plaintiffs with the county recorder identify Charlotte and Jason as owners. Charlotte knowingly permitted Betke to continue to contract for improvements on Lot 43 after the lot was purchased. Charlotte paid subcontractors directly for improvements, and, in some instances, she issued checks to Betke for him to pay workers. As the trial court hinted, Betke anticipated purchasing Lot 43 back from Charlotte eventually, although the parties did not commit that option to writing.

After the house was completed, the house and lot were sold for significantly more than the original purchase price. In effect, the improvements for which Betke contracted increased the value of the lot and, as a result, conferred a benefit upon the owner. Neither

Charlotte nor Jason took any action to repudiate the benefits conferred by Betke's contracts; rather, Charlotte financed at least some of the improvements, if not all. Consequently, to assert that Betke entered into contracts with plaintiffs on the owner's behalf or as the owner's agent is not unreasonable under these circumstances. See *Mateyka v. Schroeder*, 152 Ill. App. 3d 854 (1987) (holding that facts and circumstances proved that an implied agency was created when defendants accepted, without repudiation, benefits conferred upon them).

Ultimately, the trial court found that no agency relationship existed, and, as mentioned earlier, this is a decision that we cannot find to be against the manifest weight of the evidence. The facts and circumstances of this case briefly outlined above, however, indicate that the plaintiffs were not frivolous, vexatious, or harassing by bringing this mechanics' lien action. We find, therefore, that the complaint was well grounded because it is not unreasonable to argue that Betke entered into contracts with plaintiffs as the agent of the owner of Lot 43.

Accordingly, the award of sanctions under Rule 137 was an abuse of discretion, and we reverse that portion of the trial court's decision. Having so found, we find that we need not address plaintiffs' contentions regarding the procedural infirmities of defendants' petition and the sanction hearing.

## 2. The Mechanics Lien Act

Plaintiffs also challenge the sanctions awarded under section 17(c) of the Mechanics Lien Act (the Act) (770 ILCS 60/17(c) (West 1996)). At the outset, we note that our finding that the complaint was well grounded likewise mandates a reversal of the trial court's sanctions award under this section. A more important question, however, is whether the trial court was correct to find that Charlotte, whom the trial court found *not* to be the owner of Lot 43, was eligible for a sanctions award under the Act in the first place. More specifically, we are asked to address a question of first impression: whether sanctions awards under section 17(c) of the Act are reserved for property owners only.

Section 17(c) provides:

"If the court specifically finds that a lien claimant has brought an action under this Act without just cause or right, the court may tax the claimant the reasonable attorney's fees of the owner who contracted to have the improvements made and defended the action, *but not those of any other party*." (Emphasis added.) 770 ILCS 60/17(c) (West 1996).

The Act was amended in 1995, at which time this section was rewritten to incorporate sanctions for bad-faith actions brought under

this act. The scarce legislative history underlying the amendment is inconclusive regarding whom the section was meant to include. Without prior authority addressing this issue, the only available method for us to employ to discern the meaning behind this section is statutory interpretation.

The primary rule of statutory interpretation is that the court should ascertain and give effect to the legislative intent. *People v. Bubolz*, 288 Ill. App. 3d 46 (1997). To determine legislative intent, the court looks first to the language of the statute, giving it its plain and ordinary meaning. *Bubolz*, 288 Ill. App. 3d at 46. The court must also consider every part of the statute together and give every word or phrase some reasonable meaning. *Bubolz*, 288 Ill. App. 3d at 46-47.

In the last sentence of this section, the plain language clearly limits sanctions awards for actions brought without cause or in bad faith to property owners only. The legislative intent, interpreted through the plain language of the section, therefore, was to limit sanctions awards to property owners only.

In the present case, the trial judge specifically found that Jason was the owner of the property but nevertheless awarded Charlotte fees and costs. We agree with plaintiffs, however, and find that Charlotte is not entitled to fees because she was not the owner of Lot 43. Specifically, we hold that, under section 17(c) of the Act, only a property owner may be awarded sanctions. We reverse, therefore, the sanctions award granted by the trial court under section 17(c) of the Act.

Perhaps to justify its contrary interpretation of section 17(c), the trial court noted that to allow only owners to seek sanctions was unfair to nonowners. We note, however, that a nonowner still maintains the right to petition for sanctions for frivolous and harassing pleadings under Supreme Court Rule 137. Thus, we find the trial court's justification unpersuasive.

Finally, the plaintiffs challenge the admission of certain documents by the trial court as evidence of the reasonableness and amount of attorney fees. In light of our reversal of the entire sanctions award in this case, we find it unnecessary to address the plaintiffs' last issue.

## CONCLUSION

Therefore, the judgment of the circuit court of Kane County is affirmed in part and reversed in part.

Affirmed in part; reversed in part.

BOWMAN and HUTCHINSON, JJ., concur.